UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COSCO BULK CARRIER CO., LTD.,

                  Plaintiff,

v.

STRATUS SHIPPING PTY, LTD.,

                  Defendant.

**ORDER**

08 Civ. 10541(LBS)

SAND, J.

In light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, No. 08 Civ. 3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), the Court issued an order to show cause as to why the order of attachment issued in this action should not be vacated, any attached funds released, and this action dismissed. Plaintiff has responded to this order to show cause, and Defendant has replied to the Plaintiff's response. For the following reasons, the order of attachment is vacated and this case is dismissed without prejudice or costs to any party.

### I. Discussion

In *Jaldhi*, the Court of Appeals for the Second Circuit held that Electronic Funds Transfers ("EFTs") in the temporary possession of an intermediary bank are not the property of the originator or the beneficiary of the transfer under New York law, and are not attachable under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, overruling *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). *Jaldhi*, 2009 WL 3319675. In *Hawknet, Ltd. v. Overseas Shipping Agencies, et al.*, No. 09 Civ. 2128,

1

2009 WL 4911944 (2d Cir. Dec. 22, 2009), the Court of Appeals held in an amended opinion that the rule in *Jaldhi* applies retroactively.

Plaintiff argues that equitable factors, particularly the heavy reliance Plaintiff placed on the rule in *Winter Storm* that led it to undertake a costly, still-pending arbitration, counsel against retroactive application of *Jaldhi*. However, the Court of Appeals in *Hawknet* explicitly stated that, "[a]lthough we recognize that the parties relied on *Winter Storm Shipping, Ltd. v. TPI*—the case we overruled in [*Jaldhi*]—when structuring their transactions, the Supreme Court has held that a reliance interest is insufficient to overcome the presumption of retroactivity." *Hawknet*, 2009 WL 4911944, at *2 n.7 (*citing Harper v. Virginia Dep't of Taxation*, 506 U.S. 86, 97 (1993) ("In both civil and criminal cases we can scarcely permit the substantive law to shift and spring according to the particular equities of individual parties' claims of actual reliance on an old rule and of harm from a retroactive application of the new rule.")). Moreover, courts in this District have found equitable considerations insufficient to prevent the application of *Jaldhi* and *Hawknet* when plaintiffs have relied on a Rule B attachment to undertake a pending or completed arbitration. *See, e.g., HK (UK) Ltd. v. Ashapura Minechem Ltd.*, No. 08 Civ. 9436 (SAS), 2009 WL 4906536, at *2 (S.D.N.Y. Dec. 18, 2009) ("IHX claims that it relied on the Second Circuit's prior decisions upholding maritime attachments and now will be unable to secure the judgment already awarded in arbitration. IHX's contention is not compelling, particularly where the initial attachment was infirm and IHX has been unable to show that this Court has any basis to exercise jurisdiction over Ashapura."). Based on *Hawknet*, the Court is unable to avoid the retroactive application of *Jaldhi* based on the equitable concerns raised by Plaintiff.

## II. Conclusion

For the reasons stated above, Defendant's motion is granted. The order of attachment issued in this case is hereby vacated, and we order the funds attached pursuant to that order released immediately. As the Plaintiff has not put forth a basis for personal jurisdiction over the Defendant other than the attached funds, this case is dismissed without prejudice or costs to any party for lack of personal jurisdiction. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Jan. 13, 2010
New York, NY

_____
U.S.D.J.

3